# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Megan McCambridge | CASE NUMBER 1:18-cv-07645 |
| Plaintiff | |
| | COMPLAINT |
| v. | |
| Atlantic Credit and Finance, Inc. a Virginia Corporation | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, MEGAN MCCAMBRIDGE ("Plaintiff") by and through her attorneys, Bach Law Offices, Inc., complaining of the Defendant, ATLANTIC CREDIT & FINANCE, INC A VIRGINIA CORPORATION ("ACF") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking actual damages, statutory damages, attorney fees, and costs for ACF's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as ACF's conduct harmed Plaintiff in this District.

1

## PARTIES

4. Plaintiff, Megan McCambridge, is a consumer and natural person over 18 years of age who at all times relevant resided in Bartlett, Illinois.

5. Defendant, ACF is a corporation with its corporate office in Roanoke, Virgina. ACF's primary business is collection of debts.

## BANKRUPTCY CASE

6. Sometime prior to 2018, Plaintiff incurred a credit card bill at Lowes in the alleged amount of $4,133.90 ("subject debt").

7. Plaintiff came upon difficult financial times and was unable to pay the subject debt as of January 17, 2018.

8. In October and November, 2018 ACF made several telephone calls to Plaintiff at her place of employment in an attempt to collect of the subject debt.

9. During each and everyone of these telephone calls, Plaintiff advised ACF that:

    i. She has retained counsel to assist her with her bills and gave the undersigned's contact information to ACF;

    ii. She is going to file for bankruptcy and refuses to make payment arrangements or pay on the account; and

    iii. She wishes ACF would stop calling her on this account.

10. After Plaintiff stated to ACF that she has counsel, refuses to pay on the account and that she is about to file for Bankruptcy, ACF responded with:

    i. Options to settle the account and payment arrangements;

    ii. Pressure on Plaintiff to explain why she fell behind and why she must pay on the account;

2

    iii. That if she did not pay her attorney in full this month, they will have to take legal action this month;

    iv. That her attorney will not claim representing her until the retainer has been paid in full; and

    v. That she is better off making a payment plan with them than filing a bankruptcy case.

11. Knowing that Plaintiff was represented by counsel, ACF sent a dunning letter to Plaintiff dated 11/6/2018. *See* attached Exhibit A

12. Concerned about the allegations made by ACF that her attorney would not represent her until paid in full, the continual calls at her place of employment, continuing contacts even though ACF was aware of her counsel's representation and refusal to pay of her account, Plaintiff sought the assistance of counsel to ensure ACF's collection efforts ceased.

13. Plaintiff has expended time and incurred costs consulting with their attorneys as a result of ACF's deceptive collection actions.

14. Plaintiff was unduly inconvenienced and harassed by ACF's unlawful attempts to collect the subject debt.

15. ACF's collection efforts were highly confusing and upsetting to Plaintiff as she was lead to believe that her attorney would not represent her in protecting her consumer rights..

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff restates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

18. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

3

19. ACF qualifies as a "debt collector" as defined by §1692a(6) because ACF regularly collect debts and uses the mail and/or the telephone to collect delinquent consumer accounts.

20. ACF violated 15 U.S.C. §§1692 c(a)(2), c(a)(3), c(c), e, and e(10) through its debt collection efforts.

### a. Violations of FDCPA § 1692c(a)(2)

21. ACF violated §1692c(a)(2) when ACF continued to mail dunning letters and call Plaintiff after it had actual knowledge that Plaintiff was represented by Counsel.

### b. Violations of FDCPA § 1692c(a)(3)

22. ACF violated §1692c(a)(3) when ACF continued to contact Plaintiff at her place of employment even after it was informed that Plaintiff cannot receive calls at work.

### c. Violations of FDCPA § 1692c(c)

23. ACF violated §1692c(c) when continued to attempt to collect on the subject debt even after Plaintiff refused to pay on the account and specifically requested ACF cease all communication with her.

### d. Violations of FDCPA § 1692e

24. ACF violated §1692e(2) when ACF misrepresented the legal duty of Plaintiff's attorney in representing her in regards to the subject debt and that if Plaintiff did not pay her retainer to her counsel in full legal action would ensue.

25. ACF violated §1692e(10) when ACF engaged in deceptive conduct when it gave legal advice to Plaintiff alleging that she would be better off paying on the account then filing for her bankruptcy.

26. ACF attempted to induce the Plaintiff into paying a debt by using false statements and representations.

27. As an experienced creditors and debt collector, ACF knows the ramifications of collecting on a debt by improper means.

WHEREFORE, Plaintiff, Megan McCambridge requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award the Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands a trial by jury.**

Dated: November 13, 2018                    Respectfully Submitted,

                                            /s/ Penelope N. Bach
                                            Penelope N. Bach, Esq. ARDC# 6284659
                                            Paul M. Bach, Esq. ARDC#6209530
                                            Counsel for Plaintiffs
                                            Bach Law Offices, Inc,
                                            PO Box 1285
                                            Northbrook, IL 60065
                                            847-564-0808
                                            pnbach@bachoffices.com
                                            paul@bachoffices.com